# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| AMICA MUTUAL INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) Case No.<br>) |
| v. | )<br>) **JURY TRIAL DEMANDED** |
| DEREK I. LINDBERG, | )<br>) |
| Serve: Mr. Derek I. Lindberg<br>1831 Kingbird Lane<br>Liberty, MO 64068 | )<br>)<br>)<br>) |
| and | ) |
| AMY M. LINDBERG, | )<br>) |
| Serve: Ms. Amy M. Lindberg<br>1831 Kingbird Lane<br>Liberty, MO 64068 | )<br>)<br>)<br>) |
| and | ) |
| WALTER PEARSON, JR., | )<br>) |
| Serve: Mr. Walter Pearson, Jr.<br>8608 NE 97th Terrace<br>Kansas City, MO 64187 | )<br>)<br>)<br>) |
| Defendants. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Plaintiff, Amica Mutual Insurance Company, by and through undersigned counsel, pursuant to 28 U.S.C. §§2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure, and for its Complaint for Declaratory Judgment, states as follows:

## PARTIES

1. Amica Mutual Insurance Company ("Plaintiff") is a corporation organized and existing under the laws of the State of Rhode Island, with its principal place of business in Lincoln, Rhode Island.

2. Defendant Derek I. Lindberg ("Defendant Derek Lindberg") is, and at all times material hereto was, a citizen and resident of the State of Missouri.

3. Defendant Amy M. Lindberg ("Defendant Amy Lindberg") is, and at all times material hereto was, a citizen and resident of the State of Missouri.

4. Defendant Walter Pearson, Jr. ("Defendant Pearson") is, and at all times material hereto was, a citizen and resident of the State of Missouri.

## JURISDICTION

5. This Court has subject matter jurisdiction under 28 U.S.C. §1332 because the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of costs, interest and attorneys' fees, and there exists complete diversity of citizenship.

6. Venue is proper in the Western District of Missouri under 28 U.S.C. §1391 because Defendant Derek Lindberg, Defendant Amy Lindberg and Defendant Pearson reside in this District, the events giving rise to this lawsuit occurred in this District and the property involved is located in this District.

## GENERAL ALLEGATIONS

7. Plaintiff brings this action seeking an interpretation of the insurance policy described below and a declaration of the rights and obligations of the parties thereunder.

8. An actual justiciable controversy exists between Plaintiff and Defendant Derek Lindbergh, Defendant Amy Lindberg and Defendant Pearson and litigation as to this controversy

is imminent and inevitable. Resolution of matters raised in this action will dispose of all issues between the parties under Defendant Derek Lindberg and Defendant Amy Lindberg's insurance policy with Plaintiff.

9. All necessary and proper parties are before the Court for the matters in controversy, and there is no other litigation between the parties concerning their rights and obligations under the insurance policy.

10. Plaintiff has complied with all conditions precedent under the insurance policy and has no other adequate remedy at law.

### INSURANCE POLICY

11. Plaintiff issued a Personal Auto Policy to Defendant Derek Lindberg and Defendant Amy Lindberg, policy number 98092420LD, dated September 4, 2017 to September 4, 2018 (the "Policy"). *See* Exhibit 1, a copy of the Policy, attached hereto and incorporated herein.

12. As reflected in the Amended Declarations, a 2000 Dodge Ram 3500 4x4 Pickup (the "truck") was listed as a covered auto under the Policy, with liability coverage limits of $50,000 for property damage and $100,000 for bodily injury. Exhibit 1.

### GROUNDS FOR DECLARATORY JUDGMENT

13. On or about September 2, 2018, Defendant Derek Lindberg and Defendant Amy Lindberg were traveling in the truck southbound on Highway 291 near Skyline Drive in Liberty, Missouri.

14. Defendant Derek Lindberg was driving the truck and Defendant Amy Lindberg was a passenger.

3

15. At the same time, Defendant Pearson was also traveling southbound on Highway 291 near Skyline Drive in Liberty, Missouri in his 2005 Crown Victoria.

16. Defendant Derek Lindberg and Defendant Pearson passed each other several times on Highway 291.

17. While alongside Defendant Pearson, Defendant Derek Lindberg looked over and saw Defendant Pearson holding a gun in his hand with his finger on the trigger, which was pointed at the truck.

18. In order to protect and defend himself and his wife, Defendant Derek Lindberg jerked the wheel of the truck to the right and hit the driver's side of Defendant Pearson's car in an effort to dislodge the gun.

19. Upon being struck, Defendant Pearson's car spun in front of the truck.

20. When Defendant Pearson's car was in front of the truck, Defendant Derek Lindberg proceeded to ram Defendant Pearson's car with the truck.

21. Defendant Derek Lindberg pushed Defendant Pearson's car across the traffic lanes and into a ditch on the northbound side of Highway 291.

22. After coming to a stop in the ditch, Defendant Derek Lindberg and Defendant Pearson exited their vehicles and Defendant Derek Lindberg tackled Defendant Pearson to the ground and held him there.

23. Several witnesses arrived on the scene and after Defendant Derek Lindberg explained that Defendant Pearson had a gun, Defendant Pearson removed the gun from his pocket and handed it to a witness.

24. The Liberty Police Department responded to the incident and both Defendant Derek Lindberg and Defendant Pearson were arrested.

25. As a result of the collisions, Defendant Pearson's car sustained substantial damages, specifically to the driver's side of the vehicle, including the windows being broken out.

26. As a result of the collisions and the ensuing physical altercation, Defendant Pearson also sustained personal injuries.

27. The property damages and bodily injuries sustained by Defendant Pearson were the natural and probable consequences of Defendant Derek Lindberg's intentional acts of repeatedly striking Defendant Pearson's car with the truck and then tackling Defendant Pearson to the ground.

28. The property damages and bodily injuries sustained by Defendant Pearson were substantially certain to result from Defendant Derek Lindberg's intentional acts.

29. The property damages and bodily injuries sustained by Defendant Pearson were expected or intended from Defendant Derek Lindberg's intentional acts.

30. Defendant Pearson has made a claim seeking to recover for his property damages and bodily injuries sustained on September 2, 2018 under Defendant Derek Lindberg and Defendant Amy Lindberg's Policy with Plaintiff.

31. The following provisions, *inter alia*, of the Policy apply and bar or may bar coverage in this case for Defendant Derek Lindberg, Defendant Amy Lindberg and Defendant Pearson:

PART A - LIABILITY COVERAGE

\*\*\*

EXCLUSIONS

A. We do not provide Liability Coverage for any insured:

1. Who intentionally causes bodily injury or property damage.

\*\*\*

AMENDMENT OF POLICY PROVISIONS - MISSOURI

\*\*\*

II.     Part A - Liability Coverage

Part A is amended as follows:

A.     The Insuring Agreement is replaced by the following:

Insuring Agreement

We will pay damages for bodily injury or property damage for which any insured becomes legally responsible because of an auto accident. We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. In addition to our limit of liability, we will pay all defense costs we incur. Our duty to settle or defend ends when our limit of liability for this coverage has been exhausted by payment of judgments or settlements. We have no duty to defend any suit or settle any claim for bodily injury or property damage not covered under this Policy.

\*\*\*

AMENDMENT OF PERSONAL AUTO POLICY PROVISIONS

\*\*\*

EXCLUSIONS

The following exclusion is added to PART A - LIABILITY COVERAGE

We do not provide coverage for:

Fines, penalties, double or treble damages; punitive, exemplary or vindictive damages; or any other type of added damages intended to punish or deter wrongful conduct rather than as compensation for actual damages.

\*\*\*

32.     Based on Plaintiff's investigation of the facts and circumstances surrounding the collisions and physical altercation, Defendant Derek Lindberg acted intentionally in repeatedly colliding with Defendant Pearson's car and tackling Defendant Pearson to the ground and that

6

the property damages and bodily injuries sustained by Defendant Pearson were the natural and probable consequences, expected or intended, and substantially certain to result from Defendant Derek Lindberg's intentional acts.

33. Due to Defendant Derek Lindberg's intentional conduct, there is no liability coverage under the Policy for the bodily injuries and property damages being claimed by Defendant Pearson and he is barred from recovery under the Policy.

34. Due to Defendant Derek Lindberg's intentional conduct, there is no liability coverage under the Policy and Plaintiff has no duty to defend or indemnify Defendant Derek Lindberg and Defendant Amy Lindberg with respect to Defendant Pearson's claims.

35. Plaintiff has sustained damage as result of Defendant Derek Lindberg's intentional conduct and Defendant Pearson's claims for bodily injuries and property damages in that Plaintiff has incurred substantial expenses for claim response, investigation, adjusting and evaluating, as well as attorneys' fees, which continue to accrue. Plaintiff is entitled to recoup and/or recover the amount of these costs and expenses from Defendant Derek Lindberg, Defendant Amy Lindberg and/or Defendant Pearson.

WHEREFORE, Plaintiff Amica Mutual Insurance Company, respectfully requests that this Court: (1) determine the rights and obligations of the parties under the Policy and enter a judgment construing the policies, including the applicable coverage provisions, exclusions, and conditions thereunder, in favor of Plaintiff; (2) declare that Plaintiff is entitled to recover the amount of expenses incurred in investigation, adjustment, and evaluation of the claim, and attorneys' fees; and (3) for any and all such further relief that this Court deems just and proper under the circumstances.

7

Case 4:19-cv-00455-ODS   Document 1   Filed 06/12/19   Page 7 of 8

Respectfully submitted,

/s/ Robert W. Cockerham
Robert W. Cockerham, #31984
COCKERHAM & ASSOCIATES, L.L.C.
10803 Olive Blvd.
St. Louis, Missouri 63141
(314) 621-3900
(314) 621-3903 Facsimile
rcockerham@cockerhamlaw.com

Attorneys for Plaintiff Amica
Mutual Insurance Company